BOARD OF TRUSTEES OF METHODIST EPISCOPAL CHURCH, SOUTH, a Corporation, Appellant, v. MAY et al.

Division One, February 22, 1907.

1. **WILL: Description of Property: General and Particular.** In the interpretation of a will which undertakes to devise real estate, a particular description thereof may be rejected, and reliance had on the general description, and if that, together with the evidence, is sufficient to identify the property, the description is sufficient.

2. ——: ——: ——: *Incorrect Numbers.* Testatrix, eighty-one years old, owning lots 1705 and 1914 on Olive street at the time the will was made and at the time of her death, but no other property on Olive street, placed this clause in her will: "My Kansas City property on Olive street, No. 705 and 1489, will a portion be for the fitting up our graves be left in the hands of Wash Adams for that purpose; the remainder to be given to the Methodist E. Church South and missionary cause." *Held*, that the particular description, "No. 705 and 1489," may be rejected, and the general description, "My Kansas City property on Olive street," is sufficient to include the lots she actually owned on Olive street.

3. ——: **Void for Indefiniteness.** The clause in this will, "The remainder to be given to the Methodist E. Church South and missionary cause," is void for indefiniteness. If the word "for" had been used in lieu of the word "and," it might be determined for what the property was to be used, but as it reads it cannot be said what part of the property the trustee (the church) takes, nor for what purpose the trustee is to use the property. And the court cannot substitute the word "for" for "and," without making a will for the testatrix.

4. ——: ——: **What Church.** Nor is the court authorized to say what particular Methodist Episcopal Church South was meant, even though there is a Tennessee corporation known by that name, having power to receive and hold contributions of property.

5. ——: **Rules of Construction.** The courts cannot make wills for parties.

6. ——: ——: **Intention: Evidence Aliunde.** Wills should be so construed as to carry out the intention of the maker, and in doing that courts are not limited to the four corners of the instrument, but may be enlightened by evidence *aliunde* as to the conditions surrounding the testator.

7. ——: **Revoking Single Clauses.** The court, without doing violence to any of the rules of construction of wills, may determine that a clause therein cannot, because of its vagueness and indefiniteness, be enforced.

Appeal from Jackson Circuit Court.—*Hon. A. F. Evans,* Judge.

AFFIRMED.

*Scarritt, Scarritt & Jones* for appellant.

(1)  Plaintiff is competent to institute this suit and to take and administer the gift to the Methodist Episcopal Church, South.  The Methodist Episcopal Church, South, is an organized society not incorporated.  It is old enough to have a history; cohesive and stable enough to frame and enforce regulations, rules and laws for the control and government of its property and membership.  The plaintiff is a corporate entity organized and maintained by that church for the purposes of holding, handling and transferring its property.  All the property held by the plaintiff is the property of the church and is subject to its sole management, control and disposition.  The purposes of this corporation are stated in its charter.  First Baptist Church v. Robberson, 71 Mo. 326; Schmidt v. Hess, 60 Mo. 591; Mo. Hist. Society v. Acad. of Science, 94 Mo. 459.  (2)  This will must be construed as a whole in the light of the circumstances which surrounded the testatrix at the time of the execution of her will, and when so construed it is clear that Bessie Timberlake Moore is to receive one hundred dollars from the Kansas City property; that Col. Shrader is to have his expenses, including traveling expenses in looking after the property, paid from the income thereof; that a reasonable sum for fitting up the graves of Colonel and Mrs. Shrader be expended by Wash Adams for that purpose, and that the remainder goes to the Methodist Episcopal Church, South, and particularly to the missionary cause, as enterprised by that church.  That the facts and circumstances which surround the testator are to be taken into consideration in construing the language of a will is not an open question in this State; and indeed in England and in many of the States of the Union such is the general rule of construction.  If the woman meant to give her property to the Methodist

Episcopal Church, South, to be applied to the missionary cause, the bequest will be upheld. It was so ruled in Kinney v. Kinney's Exr, 86 Ky. 610; Schmidt v. Hess, 60 Mo. 591. We are asking no new rule of construction. We are asking that nothing be incorporated in the will more than is expressed or necessarily implied by the language used by the good woman. It is not foreign to the practices of this court to substitute words or to eliminate words when, from the whole context of the will construed in the light of the facts which surrounded the maker of the will at the time it was written, it is evident from that language and such circumstances that such substitution or elimination is necessary to effectuate the evident intention of the testator. Meiners v. Meiners, 179 Mo. 614; Briant v. Garrison, 150 Mo. 655; Thomson v. Thomson, 115 Mo. 50; Young v. Harkleroad, 166 Ill. 318; Glover v. Condell, 163 Ill. 566. (3) The trial court erred in excluding from the evidence the Discipline of the Methodist Episcopal Church, South, tendered by the plaintiff. But this court will give due weight to that evidence, which is in the record, in construing Mrs. Shrader's will upon this appeal. Such facts are clearly competent and material and are essential to the intelligent consideration and construction of this will. Schmidt v. Hess, 60 Mo. 593; Donohue v. Donohue, 54 Kan. 136; Morgan v. Dodge, 44 N. H. 255; Smith v. Holden, 58 Kan. 535; Gould v. Chamberlain, 184 Mass. 115.

*Paxton & Rose* for respondents.

(1) The words, "My Kansas City property on Olive street, Number 705 and 1489," do not mean "Olive street property numbers 1705 and 1914." The language is plain and without obscurity or double meaning. Hence, it is a patent ambiguity, such as the courts do not correct. Bell v. Adamson, 32 Mo. 79. (2)

Words are to be taken in their ordinary meaning, and the courts are not authorized to make wills. Missouri Baptist Sanitarium v. McCune, 112 Mo. App. 339; Lehnhoff v. Theine, 184 Mo. 358. (3) The *cy pres* doctrine exists in England in two forms: First, the prerogative of the Crown to make a scheme of charity if the donation is too indefinite or to change one charity to another; second, the power of a court of equity to see that the end of a charity, being once established on definite lines, is not destroyed by the changes brought about by time. Only the latter exists in this country. Woman's Christian Assn. v. Kansas City, 147 Mo. 122; Grimes v. Harmon, 35 Ind. 198. (4) The words, "The remainder to be given to the Methodist E. Church, South, and missionary cause," are not technical, and taken in their ordinary meaning are plain enough as far as they go. They mean a part to the Methodist Church, South, and a part to "missionary cause," the nature and scope of such cause being left unexpressed. Now, if either one of these bequests, to the Methodist E. Church, South, or to missionary cause, fails, then it all fails, the court having no power to make an apportionment. 5 Am. & Eng. Ency. Law (2 Ed.), 915. (5) The bequest to the Methodist E. Church, South, fails, because it does not appear whether the bequest is to some local church or to the church at large. McHugh v. McCole, 97 Wis. 156. (6) The bequest to "missionary cause" is void because no court can possibly figure out what missionary cause was meant. Nolte v. Meyer, 79 Tex. 351; Grimes v. Harman, 35 Ind. 198; Moran v. Moran, 104 Iowa 216; Schmucker's Estate v. Reed, 61 Mo. 592. (7) It would be assuming too much to say that if it is proved that testatrix was a member of the Methodist E. Church, then she meant the missionary cause of the Methodist E. Church, but there is no such question here, because it is not alleged in the petition nor anywhere shown by the evidence that the

testatrix belonged to the Methodist E. Church or had any leaning toward it or affection therefor. Bowman v. Domestic & Foreign Missionary Soc. of the Protestant Episcopal Church, 87 N. Y. Supp. 621, 42 Misc. Rep. 574. (8) Even if the bequests to the Methodist E. Church, South, and to missionary cause were definite and certain as to the beneficiaries, they would both fail because the court could not tell how much to give to the church or how much to missionary cause. Matter of Goodrich, 2 Redf. Sur. 45.

GRAVES, J.—This is an action by plaintiff in the circuit court of Jackson county, Missouri, by which it seeks, first, to have the following clause of a will executed by Elizabeth A. Shrader, deceased, construed, said clause being:

"My Kansas City property on Olive street, No. 705 and 1489, will a portion be for the fitting up our graves be left in the hands of Wash Adams for that purpose; the remainder to be given to the Methodist E. Church, South, and missionary cause."

And secondly, to have said property sold and the proceeds applied to the payment of a mortgage of $700 thereon, and $500 to Wash Adams as trustee, and the remainder of said proceeds to this plaintiff for missionary purposes. Defendants Stella Timberlake May and John I. May by answer aver that they have no interest in the suit and ask to be discharged with their costs. Defendant John G. Paxton, guardian *ad litem* for Charles Timberlake, averred the ownership of the property to be in Charles Timberlake as the heir at law of Elizabeth A. Shrader, and likewise asked the court to so construe the will and so declare, and denied all other matters set out in the petition. Defendants S. R. Shrader and Wash Adams by joint answer practically admit all the matters and things set out in the petition except the construction of the will contended for

by plaintiff and aver that said will should be construed and the rights of the respective parties determined.

Defendant Finch answered, first, by way of general denial, and then by an admission that the deceased, Elizabeth A. Shrader, made and executed a mortgage of which he was the holder in the sum of $700 and accrued interest, covering the property alleged to be involved in this litigation, which said mortgage is a first lien, and praying the court in the event of a sale to have his debt first fully paid and satisfied. The trial court found said clause of the will to be void and too uncertain and indefinite to be enforced and denied the prayer of plaintiff's petition asking for the sale of said property and gave judgment for defendants against plaintiff for costs.

EVIDENCE: Certified copy of the will was introduced by plaintiff containing the clause hereinabove set forth. Plaintiff then introduced its charter, showing it to be a Tennessee corporation with power to receive and hold contributions of property of the character mentioned in this will under the construction thereof contended for by the plaintiff herein. There was also introduced certain sections of the Discipline of the Methodist Episcopal Church, South. The age of the defendant S. R. Shrader was shown to be eighty-one years. It was also shown that Mrs. Shrader did not in fact own the property at No. 705 and No. 1489 on Olive Street, but that she did own two tracts of land on Olive street, at No. 1705 and No. 1914, respectively, and had never owned any other tracts of land on Olive street in Kansas City, save and except these two tracts, which she owned at the date of making the will as well as at the date of her death. The deed of trust to Finch was introduced. The evidence further disclosed that neither tract of land was of very great value. By oversight, or otherwise, the evidence fails to disclose that Mrs. Shrader was a member of the Methodist

Church, South. Motion for new trial was filed and overruled and plaintiff duly perfected its appeal. Such portions of the testimony as may be necessary for the disposition of the case will be more fully investigated in the course of the opinion.

OPINION.

As we gather it from the record the following contentions were made by respondent in the circuit court: (1), that plaintiff had no right to maintain this suit under the terms of the will; (2), that the description of the property in the will, involved in this case, is not property which was owned by the decedent and that the property now sought to be brought in under the terms of the will cannot be subjected to its terms, even if the will is in all parts valid and enforceable; (3), that the clause of the will hereinabove set out in the statement of facts, and under which the plaintiff claims, is too indefinite and uncertain to be enforced by the courts and for that reason invalid; (4), that the plaintiff could not introduce in evidence the official book of rules and discipline of the Methodist Episcopal Church, South, to-wit, "to show the authority of this corporation [meaning plaintiff] to act for the Church." The court excluded the rules last mentioned and also sustained the contention of respondent as to contention three above. Contention four was sustained during the trial and contention three by the express terms of the judgment. We are not further enlightened as to the views of the trial judge upon the first and second contentions. By brief of respondent the first and second contentions do not seem to be seriously urged, so that we will take up the third and fourth contentions, considering the rules and discipline offered as if admitted.

I. The description given in the will is, "My Kansas City property on Olive street, No. 705 and 1489."

The property sought to be charged, by this suit, by the disposing part, if any, of the will is Nos. 1705 and 1914 on Olive street, in Kansas City, Missouri. The evidence *aliunde* shows that decedent had no property in Kansas City except upon Olive street, and no property upon that street except at the numbers last mentioned, to-wit, Nos. 1705 and 1914, being the two tracts of land described by metes and bounds in the petition. We are not disposed to agree with respondent in his contention as to the insufficiency of this description.

We have here a general description of, "My Kansas City property on Olive street," followed by a particular description, "Nos. 705 and 1489." In our judgment we can reject this particular description and rely upon the general description. This will not only appears to dispose of all the testator's property, but also specifically says: "My Kansas City property on Olive street." The testator could have had in mind only such property as she owned on Olive street in Kansas City, in so far as the attempted devise in the contested clause of this will is concerned. As to the sufficiency of this description under the evidence in this case we are thoroughly satisfied under the learned discussion of SHERWOOD, J., in Thomson v. Thomson, 115 Mo. 56; and of Mr. Justice BRADLEY in Patch v. White, 117 U. S. 210. In our judgment the doctrine of these cases is sufficient to upohld this description under the oral evidence.

II. We reach now the vital question of this case: Is the clause in this will, "The remainder to be given to the Methodist E. Church, South, and missionary cause," too uncertain and indefinite to be enforced, and for that reason void and of no effect? The trial court held that both clauses, "My Kansas City property on Olive street, Nos. 705 and 1469, will a portion be for the fitting up of our graves, be left in the hands of Wash Adams for that purpose," and "the re-

mainder to be given to the Methodist E. Church, South,
and missionary cause," were too indefinite and uncer-
tain to be enforced and therefore null and void and
of no effect, "without prejudice to the remaining pro-
visions of said will." Was this construction right?
The first clause and the adverse construction thereof
affects more particularly the defendant Wash Adams,
but he abides the judgment of the trial court and per-
fects no appeal, so that as an issuable question here
we only have for our consideration the clause in judg-
ment, "The remainder to be given to the Methodist
E. Church, South, and missionary cause."

We confront at the outset two well-recognized rules
in the law: First, courts cannot make wills for parties.
Second, wills should be so construed as to carry out
the intention of the parties. In the latter we are not
limited to the four corners of the instrument, but may
be enlightened by evidence, *aliunde,* as to the conditions
and surroundings of the testator, in determining the
real intention of the party making the will. But even
when guided by these rules the court may by invoking,
and without doing violence to, any of the rules of con-
struction in cases of wills, find a condition in the de-
vise which, for vagueness and indefiniteness, cannot be
enforced. Such appears to us to be the real question
in this case. In the clause under consideration the tes-
tatrix in plain English says she wants the remainder
to go to "the Methodist E. Church, South, and mis-
sionary cause." Had she said "to the Methodist E.
Church, South, *for* missionary cause," there would be
less trouble, for in that instance we would have a trus-
tee named in the will and an indication of how that
trustee should apply and use the fund, rather in-
definitely stated however, for even in this instance the
trustee would not be advised as to what particular
"missionary cause" under the control of the trustee,

201 Sup—24

or being at the time prosecuted by the trustee, was meant. Whether to foreign missions or home missions would be a question not decided by the will. But it is useless to theorize on the supposed case, unless we can substitute the word "for" instead of the word "and" in this will. Can we do that under the evidence in this record. The testator had a right to give a part of the remainder to the church and another part to missionary causes, and to a missionary cause separate and apart from any missionary cause under the control of the church named. Conceding that she was a member of the Methodist E. Church, South, and was a religious woman, which appears only by inference in this record, yet it would not be unreasonable to suppose that she intended to give a part of the property to the church of her choice, and another part to the "missionary cause" as prosecuted not only by her own church, but by all the churches, including her own. We know that the cause of missions is one fostered by all the churches and it is not unreasonable to conclude that a church member, especially interested in missions, would, in the disposition of her property, first think of her church, and then of the "missionary cause" in the broad sense. She at least had the right to so say in her will, and by the use of the word "and" she has so said. It is not the province of the court to make a will, nor to change the ordinary meaning of the words used therein. With the word "and" in this clause we have two distinct beneficiaries. The testatrix had the right so to designate, and it is not for the courts to change language which is unambiguous, plain and easy of construction. In this case to substitute the word "for" in place of the word "and" would be the making of a new will by the court, a thing which we cannot do, and a proposition upon which the citation of authority is unnecessary.

We are therefore forced to pass upon the clause

in this will as it is written. We have no hesitancy in saying that the trial court was correct in holding that it is void and of no effect on the ground of being indefinite and uncertain. What particular South Methodist Church is not named, nor is the particular field of missions named; but even if it could be said that the parent body of the South Methodist Church is meant, yet, we meet vagueness, uncertainty, and indefiniteness in the remainder of the clause, "and missionary cause." The conclusion of the trial court finds ample authority in the following cases: Moran v. Moran, 104 Iowa 216, 73 N. W. l. c. 620; Grimes' Exrs. v. Harmon, 35 Ind. 198; Coleman v. O'Leary's Exr. (Ky.), 70 S. W. 1068; Nolte v. Meyer, 79 Tex. 351, 15 S. W. 276; Pack v. Shanklin, 43 W. Va. 304, 27 S. E. 389; McHugh v. McCole, 97 Wis. 166, 72 N. W. 631.

These cases all discuss very fully similar provisions in wills and in all they are held void.

The principal case relied upon by appellant is the case of Kinney v. Kinney's Exr., 86 Ky. 610, 6 S. W. 593. That case is clearly distinguishable from the one at bar. The clause there was, "I do will and bequeath to the Methodist Episcopal Church, South, to be applied to foreign missions, all of my property, real and personal, after the payment of my just debts, for their use and benefit exclusively." Were we permitted to read in the present will the word "for" in place of the word "and" as we have it, the cases would be somewhat parallel. But were we permitted to do this, and did do it, there is in the Kinney case, supra, a specific designation of what branch of the "missionary cause" is desired, while in the case at bar we would still be in doubt where the fund should go, whether to foreign or home missions. Wills must be definite enough for the courts to take hold of them and enforce them, and such is not the case in the clause of the will under consideration. We, therefore, hold that the following

clause in this will is void and of no effect, to-wit: "the remainder to be given to the Methodist E. Church, South, and missionary cause." As to the preceding clause we express no opinion, for the reason that the defendant Wash Adams, who was the party interested therein, has abided the judgment of the trial court and has taken no appeal.

For the reasons aforesaid, the judgment should be and is affirmed.

All concur.