## McELROY v. FLUKER et al.

No. 43741.

Supreme Court of Missouri.

Division No. 1.

March 8, 1954.

K. U. Snyder, Kansas City, for appellant.

Sol M. Yarowsky, Kansas City, for respondent.

VAN OSDOL, Commissioner.

This action was instituted by plaintiff, administrator c. t. a., for the construction of the will of John W. Fluker who died October 19, 1949. Testator left an estate of approximately $65,000 comprised of cash, notes, stocks and bonds. By the

residuary clause, Item 13, of his will, testator gave a residuum of approximately $60,000 in value to his sisters Jennie Fluker Madsen and defendant Florence Fluker, "share and share alike." The sister Jennie died prior to the death of the testator, and the question presented by the parties, in seeking an interpretation of the will, is the devolution of half of the residuary estate.

Testator was survived by his only daughter, defendant Gladys M. Williamson, who is named as a legatee in Item 3 of the will as "Gladys Fluker Williamson." A son, John J. Fluker, named as a legatee in Item 2 of the will, predeceased testator. The daughter Gladys asserted her claim in the trial court and contends herein that she is entitled to one-half of the property disposed of under Item 13 inasmuch as testator's sister Jennie predeceased testator. Defendant Gladys urges that the share of the "balance of all personal property," which the testator had intended for his sister Jennie, lapsed upon Jennie's death and that defendant Gladys, the next of kin of testator, is entitled, by virtue of the statute of descents and distributions, to the share intended for Jennie. The trial court ordered, adjudged and decreed that "defendant Florence Fluker be construed to be and she is the sole residuary legatee of the estate of John W. Fluker, deceased, and that defendant Gladys Williamson take nothing by reason of her claim." Defendant Gladys has appealed.

Testator by his will dated February 8, 1924, made disposition of his estate, consisting of personalty, as follows,

"I, John W. Fluker, of Kansas City * * * being desirous of making final disposition of all my property in the event of my death, do hereby make, publish and declare this to be my last will and testament, hereby revoking all other and former wills heretofore by me made.

"Item 1. I desire that all my just and lawful debts be paid by my executors as soon after my death as prudent administration of my estate will warrant.

"Item 2. I desire that the sum of $1,000 be paid to my son John J. Fluker * * *, if he survive me.

"Item 3. I desire that the sum of $1,000 be paid to my daughter Gladys Fluker Williamson * * *, if she survive me.

"Item 4. I desire that the sum of $200 be paid to my sister Mary L. Fluker * * *, if she survive me.

"Item 5. I desire that the sum of $200 be paid to my sister Margaret T. Clark * * *, if she survive me.

"Item 6. I desire that the sum of $1,000 be paid to my sister Effie Fluker Hall * * *, if she survive me.

"Item 7. I desire that the sum of $1,000 be paid to my sister Grace Fluker Moring * * *, if she survive me.

"Item 8. I desire that the sum of $1,000 be paid to my sister, Jennie Fluker Madsen * * *, if she survive me.

"Item 9. I desire that the sum of $1,000 be paid to my sister Florence Fluker * * *, if she survive me.

"Item 10. I desire that the sum of $500 be paid to Mrs. Clara Brown * * *, if she survive me.

"Item 11. I also will and bequeath to my sister Jennie Fluker Madsen one diamond stickpin of approximately one carat.

"Item 12. I also will and bequeath to my sister Florence Fluker one diamond stickpin of approximately one-half carat.

"Item 13. I also will and bequeath the balance of all personal property of whatever nature, including notes, stocks, bonds, mortgages, jewelry, money on deposit in banks or building and loan associations and any amounts owing to me, to my sisters Jennie Fluker Madsen and Florence Fluker, share and share alike.

"Item 14. It is also my desire that in the event anyone named in this will contests the said will, he or she shall forfeit his or her share of my estate."

"Item 15. I also desire that my sisters Jennie Fluker Madsen and Florence Fluker serve as administratrixes of my estate to serve without bond."

The will was signed by the testator, and by two witnesses. There was no formal attestation clause.

Testator was a mail carrier in Kansas City until he retired in 1935 or 1936. In his young manhood he had married. Two children were born to the marriage, a son John J. Fluker who, as stated, died prior to the death of testator, and the daughter defendant Gladys. When the children were yet quite young, testator and his wife, Mary, were divorced. Apparently the children continued in the custody of their mother. Testator did not remarry. He sold his home on Forrest Avenue, Kansas City, to Clara Brown who thereafter conducted a rooming house at the address (see Item 10 of the will). Testator continued, until his death in 1949, to room at the Brown rooming house. The sister Florence was the youngest of testator's sisters—"the baby of the family." The sister Jennie was widowed early in her married life. She became an experienced business woman and advised with testator about "business affairs."

■ At the present time "there are a few well settled rules to be applied in the construction of wills, and these are so generally accepted that citation of authority is not needed to further establish them. The prime rule of construction is that the court, without attempting to make a new will or an equitable distribution of the estate, must confine its endeavors to ascertaining the real intent of the testator. To this end the will must be read from its four corners and effect given to all its plain provisions, provided, of course, they are not in violation of law. If there is doubt as to the proper construction of the will, after its own provisions and language are fully considered, then the court has the right, in aid of construction or interpretation, to consider the circumstances surrounding the testator at the time of making it." First Trust Co. v. Myers, 351 Mo. 899, 174 S.W.

2d 378, 380; Section 468.620 RSMo 1949, V.A.M.S. By reason of the infinite variety of expressions employed in wills, precedents are of less value in their construction than in many other fields of inquiry. Housman v. Lewellen, 362 Mo. 759, 244 S.W.2d 21; Shelton v. Shelton, 348 Mo. 820, 155 S.W. 2d 187.

■ Directing our attention to the bequest in Item 13 of the balance of all personal property to the sisters Jennie and Florence "share and share alike"—in considering this language apart from the other provisions of the will it would seem testator intended his sisters, Jennie and Florence, should be vested with an estate technically denominated "tenancy in common" (Vol. 39, Words and Phrases, Share and Share Alike, pp. 216–219), although when applied to common ownership of personalty, the term "owners in common" is said to be more appropriate. Schouler on Personal Property, 5th Ed., Sec. 154, p. 222. Where two or more are made tenants in common by deed or some general instrument well written, a difficulty in interpretation will seldom arise; but in wills there is greater indulgence given to informal expressions, in order to effect the testator's wishes, and it is the rule that any words which denote an intention to give to each of the legatees a distinct interest in the subject of the gift "will create them owners in common, or in a contrary case joint tenants." Schouler on Personal Property, supra, Sec. 161 at page 231.

A rule has been recognized by the courts of several jurisdictions that "under a residuary gift to several persons nominatim, or in common, and not as a class, a lapsed portion of the residuary devise or legacy does not, in the absence of statute, inure to the benefit of the other residuary devisees or legatees, unless the intention of the testator to that effect clearly appears; instead, such lapsed portion of the residuary estate is removed from the operation of the residuary clause and becomes intestate estate, passing to the heirs or distributees." 57 Am.Jur., Wills, Sec. 1453, p. 977; Annotations, 28 A.L.R. 1237, and 139 A.L.R.

868. The rule above stated has invoked considerable dissatisfaction even among those courts which recognize and follow it. In a few jurisdictions the rule has been changed by statute; and, absent any statutory change, some courts have refused to accept the principle and have adopted the view that, in the circumstances outlined, the lapsed portion of the residuary gift must be held to pass to the surviving residuary donees. 57 Am.Jur., supra, at page 977; 28 A.L.R., supra, at page 1239; and 139 A.L.R., supra, at page 870; Corbett v. Skaggs, 111 Kan. 380, 207 P. 819, 28 A.L.R. 1230; 31 Yale L.J. 782. The rule is mentioned in Plummer v. Brown, 315 Mo. 627, 287 S.W. 316, and the statement of the "grounds however uncertain" upon which the doctrine rests as stated by Redfield in his work on Wills (Vol. 2, 3d Ed., Sec. 119) is quoted in the Plummer case. In deciding that case this court did not deem it necessary or expedient to adopt the rule. Nor do we deem it necessary to consider the rule in the instant case because we are of the opinion the whole will of Fluker manifests the intention that his sisters Jennie and Florence or one of them should receive the "balance" of all testator's personalty.

Examining the will of John W. Fluker in its entirety, it is readily seen that the will was not prepared by a scrivener skilled in technical language employed in making testamentary disposition of property. The will speaks, in Item 1 thereof, of "my executors" and yet, in Item 15, the testator stated his desire that his sisters Jennie and Florence serve as "administratrixes" of his estate. The will does not have the usual attestation clause. Much of the other wording of the will is nontechnical in character. So it is doubtful that the testator used the words "share and share alike" in a technical sense with the purpose of creating a tenancy or an ownership in common, or any "severalty" of interests in personalty.

In the introductory paragraph of his will, testator expressly stated the desire of making final disposition of *all* his property in the event of his death. The will, in its entirety, evidences the intent to make testamentary disposition of testator's entire estate. In this respect the will is like the will of Richardson in the case of Plummer v. Brown, supra, 315 Mo. 627, 287 S.W. 316, but the language of Item 13 in making the residual bequest to testator's two sisters "share and share alike" indeed differs from the language making bequests of the specific "aliquot" parts contained in the residuary clause of the will of Richardson in the Plummer case—"share and share alike," in a technical sense, as well as in a nontechnical sense, conveys an impression of lesser "several" effect.

Lounden v. Bollam, 302 Mo. 490, 258 S.W. 440, cited by appellant, involved a will construed with reference to statute, Section 468.310 RSMo 1949, V.A.M.S. In our case we have inferred the sister Jennie was survived by no descendants.

We bear in mind testator was making a disposition of personalty, and was making no devise of an interest in real estate to his two sisters which devise, by statute, would have been a tenancy in common unless expressly declared in such devise to be in joint tenancy. Section 442.450 RSMo 1949, V.A.M.S.; and see Philbert v. Campbell, 317 Mo. 556, 296 S.W. 1001, cited by appellant. The Philbert case has been overruled as to its approval of the ruling that the statute, Section 442.450, supra, was applicable in case of a devise to a class. Holloway v. Burke, 336 Mo. 380, 79 S.W.2d 104.

The validity of joint interests in personalty was discussed by this court in the case of Johnston v. Johnston, 173 Mo. 91, at page 110, 73 S.W. 202, at page 207, 61 L.R.A. 166, by quotation from Schouler's Personal Property, 3d Ed.; Id. 5th Ed., Sec. 156, including the following, "The construction of wills involves chiefly the question of testamentary intent; and bequests and legacies, dependent upon the contingency of one or another's death, are by no means unusual in various other connections. The doctrine of survivorship might apply well enough, then, to gifts of this sort, if so the testator intend-

ed it, though intolerable when enforced where two persons had bought and paid for goods and chattels together, and thus jointly acquired a title by purchase."

In the instant case, the will itself discloses that testator's sisters, the deceased sister Jennie and defendant Florence, were his favorites among all of his relatives, and that the testator was clearly aware of his discrimination against his son John and his daughter, defendant Gladys. See and compare Meiners v. Meiners, 179 Mo. 614, 78 S.W. 795.

The testator (or his scrivener) may not have had the technical skill to "spell out" his intended devolution of the share of a deceased sister in the event either sister died prior to his death, even if he had supposed there would be a lapse of a share upon the death of a sister. Yet it is clear testator was conscious of death and incident survivorship. The testator was sensitive to a thought that the bequests in several other items of his will would not be ineffective, if he did not evidence a contrary intention, although the legatees predeceased him, and so he made the bequests conditional—"if he (or she) survive me." Conscious as he was that a legatee might predecease him, it would seem he would have made the attempt to provide for such a contingency in the Item 13 of his will unless he supposed the two sisters, legatees therein, or one of them would by his will as written receive the whole residuum. Defendant Gladys was given $1,000 by Item 3, and no further mention was made of her. If testator had intended that she, in any event, was to further share in his estate he no doubt would have said so. To impute to the testator the intention to die intestate as to half of the residuum would be to augment, by distribution to her of half of the residuum, the $1,000 (only) bequest to the daughter. The will nowhere indicates such an intention. And so it

would seem that he considered Item 13 as complete, in any event, in disposing of "the balance of all personal property."

Assuming testator believed that upon the possible death of one sister the other's share would be augmented by the language of the will as written, then the words "share and share alike" were not intended to define a tenancy or ownership in common but were used only in defining moieties of interest if both sisters survived him. So used, the words were not inconsistent with an intention to confine the distribution of the residue solely to the sisters named in Item 13. And then there is the effect of the strong presumption against partial intestacy, where the will as a whole, as here, indicates the intent of a testator to make complete disposition of all of his property and no plain, unequivocal language, or law, demands a contrary interpretation. Lang v. Estorge, Mo.Sup., 242 S.W.2d 50; Smoot v. Harbur, 357 Mo. 511, 512, 209 S.W.2d 249; Crowson v. Crowson, 323 Mo. 633, 19 S.W.2d 634; Bond v. Riley, 317 Mo. 594, 296 S.W. 401. If it was his intention, as it seems to us it was, to bequeath the residue entirely to his two sisters so that upon the death of the one, prior to his death, the other's share would be augmented, then we must fulfill our duty by giving full effect to his intention.

The judgment should be affirmed.

It is so ordered.

LOZIER and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.

All of the Judges concur.