303 P.2d 701

ESTATE of Sam N. MANATAKIS, sometimes known as Sam Manatakis, and as Sotiros N. Manatakis and as Sam Nekas, Deceased,

v.

WALKER BANK AND TRUST CO., Administrator with Will Annexed, Appellant.

No. 8534.

Supreme Court of Utah.

Nov. 15, 1956.

H. G. Metos, Salt Lake City, for appellant.

John L. Black, Salt Lake City, for respondent.

WADE, Justice.

Was the olographic will of Sam N. Manatakis, deceased, sufficiently definite and certain when considered in connection with the surrounding facts and circumstances so that the trial court could reasonably find that the deceased intended to leave the property in question to the Salt Lake County Hospital, is the main question raised on this appeal. We conclude that such finding was reasonably supported by the evidence.

After decedent's death on April 18, 1955, there was found in his safety deposit box two purported olographic wills, one of which was obviously defective and the other states as follows:

> "February 26, 1954
> "Will
>
> "All the money I have in my name Sam Manatakis or Sam Nekas I leave to the public hospital or County Hospital for the poor.
>
> "(signed) ·
> Sam Manatakis—Sam Nekas"

It is not disputed that the evidence shows and the court found that decedent lived in Salt Lake County for 28 years prior to his death, having come directly to such county from his native home in Greece. It was stipulated that the records of the Salt Lake County Hospital do not show that decedent at any time was a patient of such hospital and that he died in the St. Marks Hospital. The court further found that decedent intended the bequest to be used for the benefit of the Salt Lake County Hospital and ordered the money distributed to Salt Lake County in trust for such use and benefit.

Our statutes require that a will be construed in accordance with the intention

of the testator,[1] that in case of uncertainty arising on the face of the will the testator's intention is to be ascertained from the wording of the will in view of the circumstances under which it was made,[2] and that a construction which will avoid total intestacy is preferred.[3] The law requires that the identity of the legatee be reasonably certain in view of the terms of the will and the circumstances under which it was made and where such identity is so uncertain as to require mere conjecture or speculation,[4] or where the terms of the will and the surrounding circumstances make it clear that either one of two different legatees are equally indicated then such will or specific devise thereof is void for uncertainty.[5]

 Applying the above rules to the facts established it is reasonably certain that the Salt Lake County Hospital is the intended legatee. To designate the legatee the testator used these words, "to the public hospital or County Hospital for the poor." The words "public hospital" are not capitalized but the words "County Hospital" are. This indicates that the words "public hospital" were intended as descriptive but the words "County Hospital" were intended to designate the name by which the legatee is known. While the first part of the name of the Salt Lake County Hospital is omitted and the location of the intended legatee is not stated the fact that the testator lived for 28 years in Salt Lake County prior to his death and there is no showing that he knew of any other public hospital or other hospital called the County Hospital indicates that he intended the Salt Lake County Hospital as his legatee. This hospital is a large well known institution in Salt Lake City and County which has received wide publicity in the news and is commonly referred to as the County Hospital.

The terms of the will are not contradictory. The terms "public hospital or County Hospital" do not refer to two hospitals but both indicate the same institution, the first term is descriptive of the kind of hospital intended and the other indicates the name by which it is commonly known. The first of those two terms indicates that the intended legatee is a hospital owned and operated by the public while the second term indicates that such intended legatee is called the "County Hospital." The words "for the poor" simply indicate that such hospital should use the testator's gift along with other funds in one of its regular purposes of taking care of the needs of the poor. The law does not require a will to

1. Section 74-2-1, U.C.A.1953.

2. Section 74-2-2, U.C.A.1953.

3. Section 74-2-10, U.C.A.1953.

4. Page on Wills, Section 48; In re Zilke's Estate, 115 Cal.App. 63, 1 P.2d 475.

5. Board of Trustees of Methodist Episcopal Church v. May, 201 Mo. 360, 99 S.W. 1093.

state in detail just how the funds donated shall be used. It is sufficient to state generally the use to which it shall be applied. The fact that the testator died in the St. Mark's Hospital more than a year after making his will sheds little, if any, light on the identity of his intended legatee for there is nothing to indicate that he knew where he would die at the time he made his will and even if he was by his own direction taken to the St. Mark's Hospital where he died he might well wish to give his property to a public hospital to be used for the benefit of the poor and still wish to be cared for himself in a private hospital. From the foregoing we conclude that this will was not void for uncertainty.

 Appellant further contends that Salt Lake County lacks the power to receive a testamentary disposition. This question is usually governed by statutory provision. Section 74–1–4, U.C.A.1953 provides:

> "*Who may take under will.*—A testamentary disposition may be made to any person or corporation capable by law of taking the property so disposed of by deed or assignment or other transaction between living persons."

The County is a corporation [6] and is capable by law of taking this property by assignment or other transaction between living persons. So under the provisions of this statute it is clear that it has the power to receive this bequest.

Judgment affirmed. Each party to bear his own costs.

McDONOUGH, C. J., and CROCKETT, HENRIOD and WORTHEN, JJ., concur.

---

6. See section 17–4–1, U.C.A.1953.