**In re ESTATE of William E. FOWLER, Deceased.**

**Anna Louise FOWLER, Appellant,**

**v.**

**Edith K. WOODRING, Administratrix of the Estate of Ella B. Fowler, Deceased, Homer E. Fowler, Sarah Ann Fowler Washburn, Margaret Fowler Nelson, and Patricia Fowler Searles, Respondents.**

**No. 47724.**

Supreme Court of Missouri,

Division No. 1.

July 11, 1960.

Motion for Rehearing or to Transfer to Court en Banc Denied Sept. 12, 1960.

Francis L. Kane, St. Louis, for appellant.

McDonald & Wright, Wayne B. Wright, Henry C. Bryan, Jr., St. Louis, for respondents.

HOLLINGSWORTH, Judge.

The widow of William E. Fowler, deceased, has appealed from a judgment of the circuit court affirming an order of distribution of the net estate of deceased, made by the probate court at the close of administration thereof. The amount in dispute, exclusive of costs, is in excess of $7,500. The notice of appeal taken having been filed prior to January 1, 1960, jurisdiction lies in this court. Section 477.040 RSMo 1949, V.A.M.S., as amended by Laws 1959, S.B. 7, § 1.

William E. Fowler, a resident of the City of St. Louis, died testate on October 7, 1956, survived by his widow, Anna Louise Fowler, appellant herein, and certain collateral heirs, all of whom, either in person or through duly qualified legal representation, are respondents herein. Upon trial, the circuit court found, as had the probate court, that the will, after providing certain specific bequests, made no disposition of the residuum of his estate (consisting of personal property of the approximate value of $30,000) and that,

therefore, the residuum vested by operation of law in his aforesaid heirs at law, in the following proportions, to wit: One half to his widow, the appellant, and one half to his collateral heirs, the respondents, as their respective interests appeared. There is no question as to the correctness of the distribution ordered if, as adjudged by the probate and circuit courts, the will made no disposition of testator's residual estate. That is the sole question before us.

The will was prepared by the testator by typewritten insertions made by him on a printed form. Omitting the formal recitals at the beginning thereof, testator's signature and the attestation appended thereto, it revokes all former wills by him made and provides as follows:

"Item (1) I hereby appoint my wife, Mrs. Anna Louise Fowler, as the administrator of my estate, which includes all my personal belongings, also my car, and that she will serve without bond.

"Item (2) I hereby direct that all my personal debts and obligations, be paid at once.

"Item (3) That my wife Anna Louise Fowler, have access to my safety box, at any and all times.

"Item (4) That my sister, Ella B. Fowler, be given the sum of $500. in cash; in the event that her death should preceed mine, then the above said sum of $500, shall be reverted to my wife Mrs. Anna L. Fowler.

"Item (5) That the sum of $200. be paid to the treasurer of the Ashkum, Iroquois County, Illinois cemetery, for the upkeep and maintenance of my lots located in said cemetery.

"Item (6) That the sum of $200. be paid to my nephew, Ross R. Fowler, or his heirs.

"Item (7) Anyone changing or altering any items or provisions of this will, shall immediately forfeit any and all rights to any provisions herein stated.

"In Testimony Whereof, I have hereunto set my hand this April 8th day of 1955."

Appellant says that the courts frown upon partial intestacy and that there is a strong presumption against it; that it was the duty of the trial court to ascertain as nearly as possible the true intent of the testator, and, in so doing, it should accept evidence to show all of the circumstances and conditions existing at the time of the preparation of the will in order to prevent such partial intestacy; that the evidence introduced in appellant's behalf shows she was uppermost in testator's mind and that the respondents, particularly his grandnieces, were so far removed from him he could not possibly have had them primarily in mind; and that, when the evidence offered by appellant is considered in conformity with the above postulates, it is clear that testator did not die intestate as to the residue of his estate, but rather that the will, properly considered as above set forth, should be construed to bequeath to appellant all of testator's property, other than that disposed of by special legacies.

The evidence to which appellant refers, much of which was conditionally admitted, tends to show: Appellant is 66 years of age. She and testator were married in 1952, at which time testator was 79 years of age. He was a registered druggist and during his later years was employed as a salesman for a drug company. At the time of their marriage, she was a widow and he a widower. He had no living descendant and no children were born of their marriage. Following their marriage, they lived in an apartment in the City of St. Louis. Testator kept all of his property (personalty, consisting of stocks, bonds, etc.) in a large "strong box" in the apart-

ment, to which box both had keys and free access. Testator was fairly adept in the use of a typewriter, which he also kept in their apartment. He had little, if any, communication with any of the respondents and never mentioned any grandnieces. The relationship between him and appellant was close and devoted.

A long-time friend of appellant, Mrs. Bueche, visited testator and appellant frequently. She was so visiting them when testator was typing the will here under consideration. After it was written and attested, testator handed it to appellant, saying to her, "Here, Anna, put this away. * * * Anna, I left Ross $200.00 and I left my sister $500.00; that way they won't make you any trouble." Another friend of the family, Mr. Tipps, whom the Fowlers frequently visited, testified that sometime after April, 1955 (the date of the will): " * * * it was after he wrote his will he told me the sum and substance of the will. He not only told me that once, but he told me several times when discussing the will, he said, 'I left this nephew —' he didn't tell me his name; he said, 'I left this nephew $200.00, and I left my sister $500.00, and I left the cemetery that looks after my lot $200.00, and everything else I left to Anna.' Those were his very words." Testator also told witness: " 'You know, none of my nephews or nieces, or any relatives, I never as much as get a post card from them.' He told me that very plain."

Appellant also placed in evidence a copy of a prior will typewritten by testator on a form similar to that used by him in the preparation of the above will. It was signed by testator on October 27, 1952, but is not attested. Insofar as material, it reads:

"Second—I give, devise and bequeath  To my beloved wife, Anna Louise Fowler, all my entire estate. Including, Stocks, Bonds, Bank Ac-counts, Cash, Personal Household goods and Car.

"Third—It is my wish that my wife, Anna Louise Fowler, serve as administrator of my estate, and serve without bond.

"Four—Any one attempting to change or alter any specifications of this will, shall immediately disqualify for any provisions herein made.

"Five—This Will cancels any previous Wills made by me."

Appellant stresses the fact that the will was prepared by the testator without aid of counsel and that the language therein is to be taken in its usual and ordinary sense and insists that, so construing the language used in the will, it is quite apparent that the testator "intended the bulk of his estate should go to his widow." She insists that this conclusion is substantiated by Items 1, 3, 4 and 7 of the will. She says that in Item 1 (wherein he appointed her "administrator" of his estate, to "serve without bond") the meaning of "administrator" to a layman is quite different than that to one possessed of legal knowledge; that Item 3 (wherein he gave her access to his safety deposit box at any and all times) denotes that he had her *only* in mind; that Item 4 (wherein he gave $500 to his sister and, in the event the sister should predecease him, the bequest was to go to appellant) points up that appellant was the main object of his bounty; and that Item 7 (wherein he provided the penalty of forfeiture of any rights provided in the will as against any changing or altering of it) meant that the legatees named in Items 4, 5 and 6, to wit: Ella B. Fowler, the Ashkum Cemetery and Ross R. Fowler "or his heirs", should receive of his estate the specific bequests set forth therein and nothing more. These arguments, as we read and understand them, are not persuasive.

Appellant further says that the prior will of October 27, 1952, executed some

three months after their marriage, "conclusively proves that she was the main object of his bounty." Conceding it does prove she was the main object of his bounty *at that time,* would it not follow by the same process of reasoning that in revoking the will of October, 1952, some three years thereafter, in which later will he made bequests of specific amounts to the legatees therein named, appellant (who, as a matter of law, would take one half of his estate irrespective of any will) was no longer the sole object of his bounty? Actually, the prior will demonstrates at most that, if testator desired to make appellant the main object of his bounty, *he knew how to do so.*

Appellant's final agument is that in view of the evidence of lack of communication with, knowledge of, or affection for, his grandnieces, it is unreasonable to believe he had them in mind when he wrote his last will and that, consequently, when he went to the trouble to prepare a new will, he "had to intend to leave the bulk of his estate to [appellant] because in the absence of a will she would have received the same benefits which she will receive" if the judgment of the trial court is affirmed. That argument, we think, is not sound. The only reasonably certain conclusion to be reached from the fact of the making of the new will is that testator was not satisfied with the provisions of the first one.

■ The law of the case is clear and indisputable. All wills are required to be in writing. Section 474.320 RSMO 1949, V.A.M.S. (to which revision all statutory references herein are made, unless otherwise indicated). All courts are required to have due regard to the directions of the will and the true intent and meaning of the testator. Section 474.430. "If the language therein is ambiguous then we may look to the surrounding facts and circumstances. Mudd v. Cunningham, Mo.Sup., 181 S.W. 386, 387; Paris v. Erisman, Mo. Sup., 300 S.W. 487, 490; St. Louis Union Trust Co. v. Kern, 346 Mo. 643, 142 S.W.2d 493, 496. But extrinsic evidence is admissible only for the purpose of ascertaining the testator's intention from the language used in the will. 'It cannot be heard to show that he meant one thing when he said another or to show an intention not expressed in the will itself, or to aid in making a will which the testator intended to make, but did not in fact make. However clearly an intention not expressed in the will may be proved by extrinsic evidence, the rule of law requiring wills to be in writing stands as an insuperable barrier against carrying the intention thus proved into execution.' " Lang v. Estorge, Mo., 242 S.W.2d 50, 53.

■ There is a strong presumption against partial intestacy. But "where the language used by the testator is plain and unequivocal the court cannot give it a different meaning, for the purpose of carrying into effect a conjecture or hypothesis of the testator's intention, by supplying, rejecting, or transposing words or phrases." Crowson v. Crowson, 323 Mo. 633, 19 S.W. 2d 634, 637. See also Lang v. Estorge, supra; Schubel v. Bonacker, Mo., 331 S.W.2d 552, 556.

■ The will here under consideration, when read in its entirety and the language therein taken in its usual and ordinary sense, is free from ambiguity. Appellant is mentioned in Items 1, 3 and 4. Item 1 names her as administrator of testator's estate, defines in general terms the nature and extent of the estate, and provides that she serve without bond. Item 3 provides that she have access to testator's safety deposit box at all times. Item 4 provides that if testator's sister, Ella B. Fowler, dies prior to testator's death, the $500 therein bequeathed to her shall go to appellant. Thus it is seen that the only bequest made to appellant is that of $500, which is contingent upon death of the sister prior to death of testator. Moreover, other than the bequest made in Item 4, there is no

disposition made of any of the residue of testator's estate, except the two specific bequests set forth in Items 5 and 6, to wit: in Item 5, the sum of $200 to Ashkum Cemetery, and in Item 6, the sum of $200 to testator's nephew, Ross Fowler "or his heirs."

The bald and inescapable fact is that testator died intestate as to all of his estate except as to the bequests of $500 in Item 4, $200 in Item 5, and $200 in Item 6.

Having determined that the will is free of ambiguity, it follows that the parol evidence introduced by appellant showing the close and devoted relationship existing between her and testator, the casual (if not hostile) feeling held by testator for all or some of his collateral heirs, and the declarations of testator concerning his intentions with reference to or the provisions of his will (whether made prior, at the time of, or subsequent, to its execution), were neither competent nor relevant in determining the proper construction of the language used therein. Winkel v. Streicher, 365 Mo. 1170, 295 S.W.2d 56, 59 [4–5].

Neither, of course, would the fact, if it be a fact, that testator did not intend that some of his heirs should share in his estate in any manner have any bearing upon the disposition of that portion as to which he died intestate. When he died intestate as to a portion of his property, as we have determined he did, then such heirs take under the law of descent and distribution, irrespective of his intention or wish. Hurst v. Von De Veld, 158 Mo. 239, 58 S.W. 1056; 96 C.J.S. Wills § 1225, p. 1072.

Respondents' motion to dismiss the appeal for failure of appellant to comply with S.Ct. Rule 1.08 (now 83.05, V.A.M.R.), which was taken with the case on the merits, is overruled.

The judgment of the trial court is affirmed.

All concur.