Emanuel TELLER, Plaintiff,

v.

Lee I. KAUFMAN and Jeane K. Susman, Defendants.

No. 68 C 14(1).

United States District Court
E. D. Missouri, E. D.

Oct. 4, 1968.

1. D'Agosta v. Royal Netherlands Steamship Co., 301 F.2d 105 (CA 2–1962).

Thompson, Walther & Shewmaker, St. Louis, Mo., Landman Teller, Teller, Biedenharn & Rogers, Vicksburg, Miss., for plaintiff.

Gerald A. Rimmel and Frank Susman, Susman, Willer, Rimmel and Elbert, St. Louis, Mo., for defendants.

## MEMORANDUM OPINION

HARPER, Chief Judge.

This matter is now before this court on Plaintiff's motion for summary judgment pursuant to Rule 56. Jurisdiction is founded upon diversity of citizenship, the plaintiff being a resident-citizen of Louisiana, and the defendants being resident-citizens of the State of Missouri. The amount in dispute exceeds $10,000.-00, to-wit, $19,594.00.

Plaintiff requests this court to construe the last will of one Nora Kaufman in such a manner that the balance of a testamentary trust created thereunder would be distributed one-half to himself and one-half to the two defendants equally. Defendant, Lee I. Kaufman, trustee under that same trust, with defendant Susman, urge that the proper construction leads to a distribution in thirds.

The testatrix, Nora Kaufman, had a brother, Ben Kaufman, and two sisters, Frances Kaufman and Beckye Teller. Ben Kaufman was the father of the two defendants. The sister, Frances, was a spinster who lived with the testatrix. The sister, Beckye, was married and had two children, the plaintiff and Dann K. Teller. At the time that the will in question was executed, February 27, 1957, Ben Kaufman was deceased and the testatrix had as relatives, the two defendants, Beckye's two children, Beckye and Frances. This will first provides that if the sister Frances survives the testatrix for sixty days, she is to be the sole beneficiary thereof. If Frances did not so survive, the estate was to pass into a testamentary trust for the benefit of the sister Beckye for life.

Sister Frances pre-deceased the testatrix, and therefore, upon Nora Kaufman's demise in 1959, the testamentary trust came into existence. The will was admitted into probate in the Probate Court for the County of St. Louis, Missouri, and defendant Kaufman qualified and served as trustee of that trust without compensation. On August 31, 1967, the sister, Beckye Teller, life beneficiary of the trust, passed away. She was survived only by the plaintiff here, her other child, Dann K. Teller, having predeceased her on February 21, 1963.

The will directs the following distribution:

"C. Upon the death of my sister, BECKYE TELLER, my trustee shall pay and deliver:

"(1) Five Thousand Dollars ($5,000) to my nephew LEE I. KAUFMAN, in appreciation of the assistance he has given to me and to my sister over the years;

"(2) The balance of the principal and any accumulated income of the trust estate in equal shares *per stirpes* among such of my nephews and niece, JEANE K. LEWIN, LEE I. KAUFMAN, DANN K. TELLER, and EMANUEL TELLER, as may then survive."

No dispute exists as to the bequest contained in C. (1), and the trustee is, therefore, ordered to make distribution in accordance with this paragraph.

In the construction of testamentary trusts, the court is to apply the rules of construction applicable to wills. First Nat. Bank of Kansas City v. Hyde, 363 S.W.2d 647 (Mo.1962). The primary rule of will construction is that the intention of the testatrix is to control, and indeed, when that true intention is found the will is properly construed. See Section 474.430 R.S.Mo. 1959, V.A.M.S.; Housman v. Lewellen, 362 Mo. 759, 244 S.W.2d 21 (Mo.1951); Scullin v. Mercantile-Commerce Bank & Trust Co., 361 Mo. 337, 234 S.W.2d 597 (Mo.1950). The interpretation of C(2) under the facts before the court is governed by Missouri law.

Plaintiff contends that the intention of the testatrix is clear: That she intended that a *per stirpes* distribution be made, with the stirpes being the descendants of the two branches of her family which were headed by Ben Kaufman and Beckye Teller. Thus he proposes that the trust estate be divided into two stirpes, with each of these shares being subdivided into as many shares as there are members of that line living. Defendants on the contrary contend that the testatrix intended to treat each of the four named relatives equally, i. e., that she in effect intended a *per capita* distribution.

It is a general rule that one cannot take by representation, i. e., per stirpes, unless the ancestor was a potential taker. O'Reilly v. Jackson, 269 S.W.2d 631 (Mo.1954). However, in the instant situation, the phrase "as may then survive" eliminates the possibility that the testatrix intended that the per stirpal distribution be to subsequent takers, i. e., to the children of one of the four named who might have died. As clearly stated in O'Reilly v. Jackson, supra, the intention of the testatrix will govern and the court will not give technical terms a strictly technical construction where to do so would be inconsistent with the intention of the testatrix.

We are admonished to give effect to all provisions of a will when it is possible to do so. Scullin v. Mercantile-Commerce Bank & Trust Co., supra; Seltzer v. Schroeder, Mo.App., 409 S.W. 2d 777, 787. Defendant's proposed construction would violate this rule. Defendant's emphasis is upon the words, "in equal shares * * * among * * *". However, in order to construe this provision so as to allow a per capita distribution, it would be necessary to disregard either the words "per stirpes", or the words "as may then survive". Testatrix must have intended that each of the words she utilized have some meaning. If per stirpes is limited in meaning here to taking by the roots, it is possible to give meaning to all of her words.

It is the opinion of this court, determining the testatrix's intention from the four corners of her will (Scullin v. Mercantile-Commerce Bank & Trust Co., supra, and Thomas v. Higginbotham, 318 S.W.2d 234 (Mo.1958)), that the testatrix intended that the words *per stirpes* require a preliminary division of the trust estate into two shares, that is, into the number of shares corresponding to the roots of the named niece and nephews. These preliminary shares are to be equal. These two primary shares

are then to be distributed among those four named persons who are surviving at the death of the sister, Beckye, according to their roots. Dann K. Teller died without descendants. Therefore, the plaintiff, Emanuel Teller, is entitled to one-half of the trust estate. Each of the defendants, being the children of Ben Kaufman, are entitled to share equally in one-half of the trust estate, i. e., one-fourth for each. The language of the will being clear, the court cannot change its meaning or reject the words contained therein. Crowson v. Crowson, 323 Mo. 633, 19 S.W.2d 634 (Mo.1929).

This memorandum opinion is adopted by the court as its findings of fact and conclusions of law and the clerk is directed to enter an order that the defendant trustee pay to the said Lee I. Kaufman out of the testamentary trust estate $5,000.00, and that one-half of the balance of said trust estate after the payment of the said $5,000.00 shall be paid to the plaintiff and one-fourth of the balance shall be paid to each of the defendants.