W. H. MARTIN, TRUSTEE, APPELLANT, v. H. O. ABERNATHY, RESPONDENT.*

In the Springfield Court of Appeals. Opinion filed January 8, 1926.

**1.—Witnesses—Wife as Witness—Husband and Wife.** Under Laws 1921, p. 392, amending section 5415, Revised Statutes of 1919, all disqualifications as a witness on account of the relationship of husband and wife have been removed, except as to confidential communications between them.

**2.—Same—One Party to Contract Deceased—What Will Disqualify Witness.** In order to be disqualified to testify by reason of the death of other party to transaction, under section 5410, Revised Statutes of 1919, the witness must be a party to the contract or cause of action, and also primarily interested in the result of the lawsuit founded on the contract made with the deceased.

**3.—Same—"Contract in Issue"—Wife Held Not Party to Contract in Issue, So as to Be Disqualified as Witness by Death of Other Party.** That payment of note sued on through medium of another note to which defendant's wife was party was issue in case did not make her party to contract in issue within section 5410, Revised Statutes of 1919, so as to disqualify her to testify as to such payment because of death of other party to contract.

**4.—Same—Husband and Wife—Wife as Witness—One Party to Contract Deceased.** Marital relationship, while possibly affecting wife's credibility as a witness, is not such interest in outcome of trial as would make her incompetent to testify for husband as to transaction with one since deceased, under section 5410, Revised Statutes of 1919.

**5.—Same—Disqualifying Interest—Must be Legal Interest—Other Interests go Only to Credibility.** An interest, to disqualify a witness, must be a legal interest as distinguished from the prejudice or bias resulting from friendship or hatred, consanguinity, or any other domestic or social or official relation, or any other motives by which men are generally influenced, as they go only to the credibility.

---

*Corpus Juris-Cyc. References: Witnesses, 40Cyc, p. 2211, n. 25; p. 2212, n. 26; p. 2280, n. 60, 61, 62; p. 2281, n. 68, 70; p. 2283, n. 82; p. 2297, n. 72; p. 2298, n. 79; p. 2353, n. 4.

Appeal from the Circuit Court of Lawrence County.—Hon. Charles L. Henson, Judge.

AFFIRMED.

*D. H. Kemp,* of Cassville, for appellant.

*D. S. Mayhew,* of Monett, for respondent.

BAILEY, J.—Plaintiff, as trustee of the estate of R. G. Salyer, deceased, brought suit on a promissory note executed by defendant, which including interest, amounted to $567.70. Defendant, answering, admitted execution of the note but pleaded payment. Verdict and judgment was for defendant and plaintiff has appealed.

The payment alleged in defendant's answer was not a payment in cash, but payment through defendant giving to R. G. Salyer, deceased, a mortgage on certain lots in the city of Cassville securing a note in the sum of $2300, which note included the principal and interest of the note described in plaintiff's petition. It is further alleged that, through oversight and neglect, R. G. Salyer failed to turn over to defendant the note sued on. During the trial Mrs. H. O. Abernathy, wife of defendant, was permitted to testify that she was present with her husband and Mr. Salyer when the $2300 note was executed and that it was the understanding that the $2300 note was to "take up" the note in suit which was at the time in the bank; that the note was to be returned to her husband and marked "paid." Plaintiff objected to her testifying on the ground that R. G. Salyer, the other party to the contract in issue, was dead and under the statute defendant's wife was incompetent as a witness; that objection, as well as numerous others of like import, was overruled. The sole point raised on this appeal relates to the question of the competency of defendant's wife to testify.

It is first urged that the wife is incompetent under the statute as a witness in behalf of her husband, for any purpose. That has never been the rule under our modern statute. Section 5415, Revised Statutes 1919, enabled the wife to testify when acting as the agent of her husband in a business transaction and since the amendment of that section in 1921, all disqualifications as a witness on account of the relationship of husband and wife has been removed, except as to confidential communications between her and her husband. [Laws 1921, p. 392; Eastin v. Bank of Harrisonville, 246 S. W. 991; Leer v. Insurance Co., 250 S. W. 631.]

Appellant raises the further point that as Mrs. Abernathy was a party to the second note of $2300 the other party being dead, she was incompetent to testify as to what transpired in relation thereto.

This contention cannot be upheld. In order to be disqualified under section 5410, Revised Statutes 1919, the witness must be a party to the contract or cause of action, and also primarily interested in the result of the lawsuit founded on the contract made with the deceased. [Lead & Zinc Co. v. Lead Co., 251 Mo. l. c. 741, 158 S. W. 369.]

The statute provides that "where one of the original parties to the contract or cause of action in issue *and on trial* is dead" the other party is disqualified. Of course the $2300 note was not the contract in issue and on trial. The mere fact that the payment through the medium of that note was an issue in the case regarding which defendant's wife was permitted to testify would no more make her a party to the contract in issue and on trial than if she had testified the payment was made in cash. We find no authorities holding to such a doctrine.

As to her interest. The only possible interest she could have had in the outcome of the trial was the interest she might have had because of the marital relationship. While that interest would possibly affect her credibility as a witness, it is not such an interest as would make her incompetent to testify. An interest to disqualify a witness "must be a legal interest as distinguished from the prejudice or bias resulting from friendship or hatred, or from consanguinity, or any other domestic or social or any official relation, or any other motives by which men are generally influenced; for these go only to the credibility." [1 Greenleaf on Evidence (14 Ed.), arts. 386 and 390, cited with approval in Wagner v. Binder, 187 S. W. l. c. 1151.]

We, therefore, hold defendant's wife was a competent witness. The judgment should be affirmed. It is so ordered. *Cox, P. J.* and *Bradley, J.*, concur.