**Paul STUESSE, Respondent,**

**v.**

**Florentine STUESSE, Executrix of the Estate of Henry Stuesse, deceased, Donald Stuesse, Florentine Stuesse, Irene Weigel, Enrica (Ernica) Stuesse, August Stuesse and Charles E. Hansen, Administrator ad litem of the Estate of Henry Stuesse, deceased, Appellants.**

**No. 50168.**

Supreme Court of Missouri,

Division No. 2.

April 13, 1964.

Leo A. Politte, Washington, Charles P. Moll, Union, for appellants.

John H. Mittendorf, Union, for respondent.

BARRETT, Commissioner.

This is a suit to construe the will of Henry Stuesse. The plaintiff is Henry Stuesse's son Paul and the defendants are his executrix, his other son August, his grandson Donald (son of August) and his daughters

Florentine, Irene and Ernica (now Sister Mary). The daughters are specific legatees and by item 9 of the will two of the daughters, the appellants Irene and Florentine, are residuary beneficiaries. August's son Donald and the plaintiff Paul, after the death of their mother, are beneficiaries of specific devises. Paul's suit alleged that there were uncertainties, ambiguities and conflicting provisions and therefore he sought judicial construction of his father's will. The court found for the plaintiff and accordingly entered a decree so construing the will as to award him, rather than the residuary beneficiary appellant-sisters, 47 acres of land which in fact are the subject matter of this litigation.

It is necessary to an understanding of the issues to set forth the substance of Henry Stuesse's will (italicizing for emphasis and future reference certain words and phrases). In item 3 he *bequeathed* to his daughter Ernica (now Sister Mary) $500 "in full of her share of my estate." In item 4 he *bequeathed* to his daughter Florentine $2,000 "in full of her share of my estate." And in item 5 he bequeathed to his third daughter Irene $2,000 "in full of her share of my estate." Item 6 gave his wife a life estate in *"my home farm* in Sections Eight (8), *Nine (9)*, Sixteen (16) and Seventeen (17)," township 42, range 2 west in Franklin County. Item 9 is the residuary clause and there the testator *devised and bequeathed* "(a)ll the rest, residue and remainder of my estate, *real,* personal and mixed" to his daughters Irene and Florentine, and in item 10 his wife and Florentine were designated as executrices. These items of the will are significant and the appellant daughters rely on item 9, the residuary clause, but items 7 and 8, particularly item 7, providing for the sons and grandson are the crux of the litigation. In item 7 the testator *devised* and *bequeathed* to his respondent son Paul *"that portion of my home farm* in Sections Eight (8), *Nine (9)*, Sixteen (16) and Seventeen (17) * * * *which lies to the North and West of a dividing line as surveyed by Edwin F. Kap-*

*pelmann,* Deputy County Surveyor, on the 15th day of November, 1949, and recorded * * * upon condition that he pay into my estate, within one year of my death" $1,000, the sum advanced for "schooling" at Central College. In item 8 the testator *gave* and *bequeathed* to his grandson Donald, son of August, *"the remaining part of my home farm in* said Sections Eight (8), *Nine (9),* Sixteen (16) and Seventeen (17) * * * *which lies South and East of a dividing line as surveyed by Edwin F. Kappelmann"* upon condition that he pay $2,000 into my estate *"representing the difference in value of my real estate."*

Mr. Stuesse's "home farm," through which the Bourbeuse River winds, consisted of 565 acres. Paul left Central College in 1938 and for the next two years the two sons, August and Paul, and their father, who was then actively engaged in farming, operated the farm on a partnership basis. Paul was married in 1940, Mr. Stuesse was then 76, and for some time thereafter the two sons operated the farm in partnership. The fact giving rise to this litigation is that in the 565 acre farm there are two parcels of land, one seven-acre tract in the northwest corner of the NE⁴ NE⁴ and a forty-acre tract in the SE⁴ SE⁴, *section 18,* neither of which is described, fits or ·falls within the descriptions in the specific devises of real property, and particularly of item 7 of Mr. Stuesse's will. While *"Section Nine (9)"* is mentioned whenever and wherever there is an attempt to specifically describe the land by legal description, the fact is that Mr. Stuesse did not own any land in *"Section 9."* And while the 47 acres are in section 18, the will does not specifically mention either the 47 acres or section 18 and therefore, of course, the appellant daughters claim these two parcels of land under the residuary clause. On the other hand, the respondent son Paul contends that it was his father's intention to give the land to his son, or a son and a grandson, that the erroneous description created an ambiguity and that by construction the erroneous "section 9" should be stricken from the will and

the correct but omitted "section 18" inserted, thereby explaining the ambiguity and devising the 47 acres to him. The appellants contend, however, that the terms of the will are unambiguous and that therefore the court erred in receiving "extrinsic evidence" which showed an intention not expressed in the will and resulted in a construction and disposition of the 47 acres contrary to the terms of the will.

■ It is not necessary to a disposition of this appeal to enter upon a full discussion of the general rules relating to the construction of wills, the nature of ambiguities and the admissibility of extrinsic evidence. Cockrell v. First Nat. Bank of Kansas City, 357 Mo. 894, 211 S.W.2d 475. It is sufficient to say that "(t)he primary purpose in construing a will is to determine the very disposition which the testator wanted to make, to determine if possible his actual intent rather than an intent presumed by law." 4 Page, Wills, Sec. 30.1, p. 2; Annotations 6 L.R.A.,N.S., 942; L.R.A.1915E, p. 1008. And, in this connection, "(i)n interpreting any instrument purporting to deal with property, some extrinsic evidence is necessary in order to make the words, which are but signs, fit the external things to which the signs are appropriate" 6 L.R.A.,N.S., l. c. 956. It is not necessary to explore all the possibilities and attempt a delimitation of the rules, if the description in a will is unambiguous "extrinsic evidence is not admissible to show an intention on the part of the testator to devise other property or to include property not covered by the description." On the other hand, "(w)here the description of the real property devised is inaccurate, or there is a latent ambiguity with respect thereto, extrinsic evidence is competent to resolve the ambiguity and identify the property designated." Annotation 94 A.L.R. 26, 128, 131 (the relevant Missouri cases are collected in this and the other annotations cited). As others have pointed out, "the question of correcting a draftsman's mistake is largely one of semantics, because although the generally accepted view is that a will cannot be re-

formed, the same result is accomplished under the name of 'construction,' and when a court construes a will as passing property not mentioned * * * or substitutes for misdescribed property * * * other property not described * * * it is in effect 'reforming' the will." Annotation 90 A.L.R. 2d 924, 928. It is not necessary here to nicely discriminate, some of the extrinsic evidence admitted was wholly improper (probably admitted on abandoned count 2 for specific performance) and will of course not be considered upon this appeal. V.A.M.S. § 510.310; Sup.Ct. Rule 73.01, V.A.M.R. Nevertheless, it has become almost a general rule that in the "misdescription of a devise the mistake was rendered inoperative by construction." 90 A.L.R.2d l. c. 952. This brief summary of a leading Missouri case, McMahan v. Hubbard, 217 Mo. 624, 118 S.W. 481, will suffice for the purposes of this opinion: "Extrinsic evidence is admissible to show that the testator did not own the land described as in the section named in the will, but did own land in another section, which he intended to describe and devise, where, after rejecting the false part of the description, i. e., the section number, sufficient remains to identify the property, in the light of the extrinsic circumstances." 94 A.L.R. l. c. 138; 4 Page, Wills, Secs. 33.15–33.18, pp. 314–318.

▬ In addition to the mistake in the will as to the section number, when the recorded plat of Mr. Kappelmann's survey of November 15, 1949, was produced the "dividing line" mentioned in the will was all in section 17 and neither the 7 acres nor the 40 acres in section 18 were shown on or included in the survey. But the 7 acres are north of the Bourbeuse River, they do adjoin the 180 acres correctly described and devised to Paul and in a manner of speaking they are west of the dividing line. However, the 40 acres are across the river, they are not "North and West" of the dividing line mentioned in item 7 and they do not adjoin the 180 acres devised to Paul. Nevertheless, after correcting the section num-

ber (McMahan v. Hubbard, supra), it may be that "we can reject this *particular description* and rely upon the *general description*" (Board of Trustees of Methodist Episcopal Church v. May, 201 Mo. 360, 368, 99 S.W. 1093, 1094; Boxley v. Easter, Mo., 319 S.W.2d 628) and thus include in item 7 the 47 acres. Briant v. Garrison, 150 Mo. 655, 52 S.W. 361. Lending further support to this construction is the fact that in item 6 and in the specific devises of items 7 and 8 the testator repeatedly employed the phrase "my home farm" thereby indicating an intention to specifically dispose of the entire tract of 565 acres rather than to permit the disconnected parcels of 7 acres and 40 acres to pass under the residuary clause to two of the daughters. Harwell v. Magill, 348 Mo. 365, 370, 153 S.W.2d 362. In the three items expressly providing for the three daughters there are no devises, all the gifts are bequests of money "in full share of my estate." Despite the inclusion of "all the rest, residue and remainder of my estate, *real,* personal and mixed," the residuary clause was obviously designed as a catchall for typical residuary purposes. 4 Page, Wills, Secs. 33.46–33.50, pp. 369–376. In item 7 the testator devised "that portion of my home farm" north and west of the dividing line to Paul and then in item 8 he devised to his grandson *"the remaining part of my home farm"* in the specified sections "south and east" of the dividing line. In view of this devise it is arguable that if *"the remaining part"* of the farm passes to the grandson under item 8 of the will, no part of it remains to pass to the defendants under the residuary clause. The grandson Donald and his father August were parties defendant to this action, but only Florentine Stuesse as executrix and Florentine and her sister Irene Weigel have appealed and in opposition to Paul and the court's decree claim the 47 acres. In this manner it is believed that the terminology in all the provisions of the will is harmonized and that as gathered from the relevant extrinsic circumstances and the will as a whole the ultimate intention of the testator is thereby effectuated. McMahan v. Hubbard, supra;

Riggs v. Myers, 20 Mo. 239; Creasy v. Alverson, 43 Mo. 13; Thomson v. Thomson, 115 Mo. 56, 21 S.W. 1085, 1128; Mudd v. Cunningham, Mo., 181 S.W. 386; Wiechert v. Wiechert, 317 Mo. 118, 294 S.W. 721. For these reasons the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.