In re ESTATE of Eva C. WELTER,
Deceased.

Regina C. MEYER, Petitioner-Appellant,

v.

Cornelia BRADLEY and Virginia
Johnson, Respondents.

No. 11163.

Missouri Court of Appeals,
Southern District,
Division Three.

April 30, 1980.

Kenneth L. Dement, Dement & Stamp,
Sikeston, for petitioner-appellant.

Robert A. Dempster, Phillip J. Barkett,
Jr., Dempster, Fuchs & Barkett, Sikeston,
for respondents.

TITUS, Presiding Judge.

Inter alia, Eva C. Welter's will provided:
"II. Should she survive me, I give, devise
and bequeath unto my niece, Regina C.
Meyer [petitioner herein] the following de-
scribed real estate and improvements there-
on: Lot 16 in Block 1 in the Original Town
(now City) of Sikeston, Scott County, Mis-
souri." In her petition for construction (or
reconstruction) of the just-quoted portion of
the will, petitioner alleged that standing on
Lot 16 and its contiguous neighbor Lot 15
(both owned by testatrix at her death), was
a two story brick building with full base-
ment in which was the structure's only fur-
nace. The pleading and supporting affida-
vits further stated: that the ground floor
of the building was partitioned into two
sections by a north-south supporting wall
situate entirely on Lot 16; that the ground
floor portion of the building on Lot 16
consisted of a retail clothing store operated
by petitioner and contained the only rear
entry to the building and the only access to
the basement and furnace; that the second
story of the structure was divided into four
apartments accessible only via an outside
stairway constructed on Lot 15; that the
thermostat to the basement furnace was in
one of the apartments on the Lot 15 side of

the building; that the building had common sewer, water and plumbing systems. Petitioner asseverated that by reason of the foregoing demonstrated interdependence of the components of the structure on Lot 16 with those on Lot 15 and vice versa, "taken and considered with multiple prior declarations of said testatrix to petitioner," the court should declare petitioner to be the devisee of both Lot 15 and Lot 16, "together with the mercantile building and all other improvements located thereon."

Respondents, heirs of one of the deceased residuary legatees under the will, moved, per Rule 55.27(b),[1] for judgment on the pleadings. After the aforesaid supporting affidavits and opposing affidavits were filed, the trial court treated the cause as one involving Rule 74.04 and entered summary judgment in favor of respondents. Petitioner appealed.

■ Concerning will construction: "A court may not make a new will, rewrite a will, attempt to make what may seem to be a more equitable distribution nor impart an intent to the testator that is not expressed in the will. . . . It is presumed that the testator knows the legal effect of the language he uses in a will. . . . The guide for the court in the construction of a will is the intent of the testator as gathered from the language from the will read as a whole. . . . Thus, it is only if the language of the will is ambiguous or wanting in clarity that the court is authorized to look at surrounding facts, circumstances and conditions affecting the testator at the time the will was executed." *Magruder v. Magruder*, 525 S.W.2d 400, 405[1–3] (Mo. App.1975), and cases there cited. In other words, before it is proper for a court to undertake the construction of a will, a latent or patent ambiguity must be present requiring the construction of the instrument [*Cross v. Cross*, 559 S.W.2d 196, 203[5] (Mo.App.1977)] and when no such ambiguity exists, it is not necessary nor fit to resort to any rules of construction to aid in determining the intention of the testator. Cf. *In re Estate of Stengel*, 557 S.W.2d 255, 259[8] (Mo.App.1977). Furthermore, the intentions of the testator must be gleaned from the written unambiguous will, not from what the testator or the will's scrivener, after execution of the instrument, contrarily declared, either orally or in writing, to be testator's intentions or the meaning of provisions in the will. *Gehring v. Henry*, 332 S.W.2d 873, 876[4] (Mo.1960); *Crist v. Nesbit*, 352 S.W.2d 53, 56[2] (Mo.App.1961).

■ As respondents suggest in their brief, petitioner's undertaking was to produce an ambiguity by extrinsic matters pleaded in the petition and contained in the supporting affidavits, not found in the will itself. Where, as here, the description in the will is unambiguous, extrinsic evidence is not admissible and is not to be considered to show either an ambiguity or an intention on the part of testatrix to devise other property or to include property not covered by the descriptions. *Stuesse v. Stuesse*, 377 S.W.2d 389, 391[3] (Mo.1964), 16 A.L.R.3d 379, 383[3].

In our opinion, the trial court was correct in entering summary judgment for respondents and its action is hereby affirmed.

GREENE and PREWITT, JJ., concur.

---

1. References to rules are to Missouri "Supreme Court Rules," V.A.M.R. Rule 1.01.