684 S.W.2d 876 (1984)
In the Matter of Patrick L. MORRISSEY, Deceased.
Clifford BUCHER, David Brendel, and Linda Simpson, Plaintiffs-Appellants,
v.
ST. LOUIS UNION TRUST COMPANY (Now Centerre Trust Co.) and Mother of Good Counsel Home, et al., Defendants-Respondents.
No. 48292.
Missouri Court of Appeals, Eastern District, Division Three.
December 11, 1984.
Motion for Rehearing and/or Transfer Denied January 22, 1985.
*877 Charles J. McMullin, St. Louis, for plaintiffs-appellants.
Charles J. Malloy, St. Louis, for St. Louis Union Trust Co.
Ann Buckley, St. Louis, for Mother of Good Counsel Home.
Edward K. Fehlig, Clayton, for St. Vincent's Orphan Home.
Bernard Huger, St. Louis, for all other defendants-respondents.
Motion for Rehearing and/or Transfer to Supreme Court Denied January 22, 1985.
DOWD, Presiding Judge.
A will construction case. Appellants petitioned the trial court to construe a will and to define their interest in the estate of Patrick L. Morrissey (hereinafter referred to as decedent or testator). The controversy focuses on the interpretation of one provision of the decedent's will. The trial court's interpretation effectively worked as an ademption of the decedent's testamentary gift to the appellants under that provision. This appeal follows. We affirm.
The provision of the decedent's will under which the appellants claim an interest in his estate reads as follows:
FIFTEENTH: It is my wish and desire that if I should die possessed of any interest whatsoever in a business known as ACE CRAFT & HOBBY DISTRIBUTORS, that the assets of said business *878 including name, fixtures, stock, goodwill, and any real property in which said business is being conducted at the time of my death, and to which I have title or an interest in, shall be given devised and bequeathed to my following three (3) employees, in appreciation for their long and faithful sevice, namely: CLIFFORD F. BUCHER, who shall receive a fifty percent (50%) interest in all such assets; DAVID P. BRENDELL, who shall receive a thirty-five percent (35%) interest in all such assets, and LINDA SIMPSON, who shall receive a fifteen percent (15%) interest in all such assets. It is my express hope that they shall be able to carry on the business known as ACE CRAFT & HOBBY DISTRIBUTORS, but I leave it to their judgment to determine whether they wish to carry on said business or to liquidate the same in accordance with their respective percentages interests as hereinbefore set forth.
The testator executed his will on July 10, 1980, and died on May 6, 1981. However, during the interim, he sold his interest as sole proprietor of ACE CRAFT & HOBBY DISTRIBUTORS on February 20, 1981 to a corporation.
The testator retained two separate and distinct interests in his former business. First, he retained control of his accounts receivable, which were not sold as part of the business. Second, he retained an interest as a lienholder under a deed of trust. Under the terms of the sale, Morrissey received $50,000.00 in cash at closing and two promissory notes secured by a deed of trust for the balance of $50,000.00. At his death, both notes remained unsatisfied.
Appellants offer six points of contention which may be consolidated into three issues on appeal. Initially, we review their allegations of error under the standards set forth in Murphy v. Carron, 536 S.W.2d 30 (Mo. banc 1976). Hence, the trial court's judgment will be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declared or applied the law. Id. at 32.
The first issue to which we must attend is whether the trial court erred in ruling that Article Fifteen of the decedent's will contained no latent ambiguity pertaining to the language "any interest whatsoever in a business known as ACE CRAFT & HOBBY DISTRIBUTORS." The trial court interpreted the provision as a testamentary gift of a "going business." Since the testator sold his business after the creation of his will, the gift was adeemed. As a result, the amount collectible on the notes passed under the residuary clause of the will. Appellants contend that the evidence adduced at trial revealed the decedent's true intent and purpose, and that the decedent died possessed of a substantial interest in his business after its sale.
The controlling rule in construing wills, to which all technical rules of construction must give way, is to give effect to the true intent and meaning of the testator from the entire instrument and not from an isolated segment thereof. Estate of Pettit v. Levine, 657 S.W.2d 636, 643 (Mo.App. 1983). The court first looks to the language contained in the will, construes it from the four corners of the will, and gives effect to all provisions, if possible. Scullin v. Mercantile-Commerce Bank and Trust Co., 361 Mo. 337, 234 S.W.2d 597, 601 (1950). Therefore only when the language of the will is ambiguous or wanting in clarity is the court authorized to consider extrinsic evidence to ascertain the testator's intent. In re Estate of Welter, 598 S.W.2d 618, 619 (Mo.App.1980). A latent ambiguity in a will occurs when the instrument itself is unambiguous on its face but becomes open to more than one interpretation when applied to the factual situation in issue. Boatmen's Union National Bank v. Welton, 640 S.W.2d 497, 502 (Mo.App. 1982). Two types of wills which present latent ambiguities are those (1) which explicitly describe a person or thing when two or more persons or things fit exactly the description or condition in the will, and (2) those which describe a condition or thing which no person or thing fits but two or more persons or things fit in part and *879 imperfectly. Breckner v. Prestwood, 600 S.W.2d 52, 55 (Mo.App.1980). The appellants contend that the former type of latent ambiguity exists under the facts of this case.
Appellants argue that the language in the first sentence of Article Fifteen, "any interest whatsoever" creates the latent ambiguity in that the deed of trust gave the decedent a descendible interest in ACE CRAFT & HOBBY DISTRIBUTORS. Moreover, the appellants minimize the importance of the last sentence which expresses a hope that appellants carry on the business after testator's death. However, we take an opposite view because the last sentence is precatory in nature. Thus, we agree with the trial court that Article Fifteen, read as a whole, clearly indicates that the intention of the testator is to make a testamentary gift of his "going business" which the appellants could continue or liquidate after they received the business under the will. The business interest devised is referred to as a business "being conducted at the time of my death." It is clear that the testator did not intend to liquidate it for them, simply because the decedent sold his "going business" after the execution of the will. Therefore, we believe no ambiguity exists. Since the "going business" was sold prior to the decedent's death and hence not found among the assets of the estate, the testamentary gift was adeemed. See In re Howe's Estate, 379 S.W.2d 154 (Mo.App.1964).
A second, but closely related, issue is whether appellant Simpson was competent to testify for any or all the appellants regarding the decedent's retention of the accounts receivable and deed of trust. After an offer of proof, the trial court barred her testimony pursuant to the mandates of the Dead Man's Statute, § 491.010 RSMo 1978.[1] The appellants contend that her testimony included no "transactions" between the decedent and her, and thus the statute did not apply. For a different reason, we agree with the trial court.
Notwithstanding the Dead Man's Statute, appellant Simpson's testimony is extrinsic evidence. With her testimony, appellants hope to prove either the existence of a latent ambiguity or the testator's intent. However, extrinsic evidence may only be admitted after a latent ambiguity is found to exist. Furthermore, such evidence may only serve to reveal the testator's intent. In re Estate of Welter, 598 S.W.2d at 619. Moreover, concerning a specific testamentary gift, such evidence of intent may only pertain to acts and conduct of the testator prior to or contemperaneous with the execution of the will. See Shriners Hospitals for Crippled Children v. Emrie, 347 S.W.2d 198[7,8] (Mo.1961). Clearly, the nature of appellant Simpson's testimony chronologically followed the sale of the business and thus also followed the execution of the will. Therefore, her testimony was properly excluded regardless as to latent ambiguity or testator's intent.
Lastly, we confront the third issue of whether the trial court erred in granting respondents' motion to dismiss appellants' amended petition concerning an alleged expressed trust on the proceeds of the sale created by the decedent for the appellants' benefit. Appellants filed their original petition on the final day of the statutory six-month limitation for filing a claim against the estate. § 473.360 The appellants sought to amend their petition some eight months after the original filing. The proffered amendment stated a new cause of action grounded in the law of contract and trust. Appellants contend that such an amendment was not barred by the non-claim statute, § 473.360, in that the claim sought recovery of assets not properly within the decedent's probate estate. They allege that the decedent promised to fulfill the intention of Article Fifteen which was to benefit them and that the proceeds of the sale of the business would be held for them as consideration for their promise to remain in the employment of the purchaser. They also contend that this promise was proven at trial by their testimony. *880 All three appellants testified at trial on such matters under an offer of proof. However, appellants fail to recognize that the trial court properly excluded their testimony pursuant to the mandates of its Dead Man's Statute.
Evidence was also adduced at trial on this subject by appellant Bucher's wife. The trial court properly found her testimony competent, Martin v. Abernathy, 220 Mo.App. 76, 278 S.W. 1050, 1051 (1926), but inadequate and inconsistent. Consequently, it specifically found that the decedent made no promise to give the appellants the proceeds from the sale of his going business. Credibility was for the trial court. Murphy v. Carron, supra.
Judgment affirmed.
CRIST and CRANDALL, JJ., concur.
NOTES
[1] All statutory references are to RSMo 1978 unless otherwise indicated.