**In the ESTATE OF Florence STRICK, Deceased.**

**Frank L. STRICK, individually and in his capacity as co-personal representative of the estate of Florence Strick, deceased, Appellant,**

v.

**Elizabeth Strick EISENBERG, Respondent.**

**No. 68248.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 8, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 18, 1996.

Application to Transfer Denied Dec. 17, 1996.

Hinshaw & Culbertson, Brent W. Baldwin, St. Louis, and Sonnenschein, Nath & Rosenthal, Curtis E. Woods, Kansas City, for Appellant.

Stern, Frapolli & Ahlquist, Michael B. Stern & Thomas M. Pavelko, St. Louis, for Respondent.

KAROHL, Judge.

This appeal follows an order of the probate court denying a motion to determine beneficiaries and to restore independent administration of an estate. The appeal is authorized by § 472.160.1(14) RSMo 1994. Frank Strick appeals individually and in his capacity as co-personal representative of the estate of his mother, Florence Strick. Her will and codicils disinherited her daughter, Elizabeth G. Eisenberg (Elizabeth), if she failed to comply with the conditions set forth in the codicils. The probate court resolved the dispute in favor of Elizabeth after finding the intent of the testatrix was satisfied, thus, the relevant provisions of the codicil were ambiguous. It concluded Elizabeth complied with the requirements of the codicils, and therefore, should remain an heir to her mother's estate. We reverse and remand.

In November of 1984, Florence Strick executed her will. On January 10, 1993, Elizabeth removed 30 items of jewelry from decedent's residence. Elizabeth claims her mother gave her the jewelry with instructions regarding how the jewelry should be distributed among decedent's family and friends.[1] On January 19, 1993, Elizabeth removed a box containing documents from decedent's residence without her knowledge or consent. Elizabeth returned the documents, but not the jewelry.

After Elizabeth removed the documents and jewelry from decedent's residence, decedent executed two codicils to her will, one on January 22 and the other on January 23, 1993. The first codicil directed Elizabeth to return, by February 2, 1993, all documents, items and proceeds of property that were removed from the decedent's residence taken between December, 1992 and January, 1993. Additionally, the codicil required Elizabeth to make a sworn affidavit which stated that she had returned all documents and items removed from decedent's residence in the specified two month time frame. The second codicil executed on January 23, 1993, was identical to the first with the exception of the expiration date which was extended until February 9, 1993.

The provision of decedent's second codicil, which appellant claims is unambiguous and requires disqualification of Elizabeth, reads as follows:

> The preceding provisions of this Article SECOND notwithstanding, if, by 12:01 a.m. on February 2, 1993, Elizabeth G. Eisenberg has not delivered to my attorney-at-law, [ ], or any partner or associate of the law firm of [ ], St. Louis, Missouri, all the documents, items, and proceeds and the sworn affidavit described in Article FIFTH of this Will, or if such sworn affidavit is or has been determined inaccurate by a court, neither Elizabeth G. Eisenberg nor any descendent of Elizabeth G. Eisenberg shall be a distributee under this Will, and, accordingly, this Article SECOND shall be interpreted and implemented as though Elizabeth G. Eisenberg and all descendants of Elizabeth G. Eisenberg did not survive me.

F.S. 9

---

1. During the hearing, the probate court allowed Elizabeth's attorneys to offer extrinsic evidence. It rejected appellant's offer of proof consisting of a taped telephone conversation recording Florence's words only. Apparently, Florence was unaware of what Elizabeth removed from her home. During the conversation Florence asked Elizabeth what documents and items of property she had taken from Florence's home. We do not reach the preserved claim that this was prejudicial error.

("F.S. 9" and the strikeout of "2" were handwritten).

Article FIFTH describes the documents, items, and the affidavit as:

> (1) all documents relating to or evidencing my ownership interests and my children's ownership interests in assets, and all items of property, that were removed from my residence by Elizabeth G. Eisenberg, Roger Eisenberg or by anyone under the direction of either of them within the months of December, 1992 and January, 1993, ... and (3) a sworn affidavit to the effect that the documents, items and proceeds being so delivered (a) represent all such documents and items that were removed from my residence by Elizabeth G. Eisenberg within the months of December, 1992 and January, 1993, ...

Absent full compliance with the terms of the codicil, Elizabeth would be disqualified from serving as a personal representative of the estate, and distribution under the will would occur as if Elizabeth and her descendants had not outlived her mother. Compliance with the codicil would be absent in one of two ways: (1) if Elizabeth did not return the documents, items and proceeds by the deadline specified in the codicil with a sworn affidavit stating that all documents, items and proceeds that were removed from decedent's residence in December, 1992 and January, 1993 had been returned; or, (2) if a court determined the affidavit was inaccurate.

Decedent's attorney drafted an affidavit for Elizabeth to sign. Decedent's attorney sent the prepared affidavit to Elizabeth's attorney without providing a copy of the codicils. On January 26, 1993, Elizabeth returned a collection of documents taken from decedent's residence together with a signed affidavit. The affidavit, prepared by decedent's attorney, stated that "no documents relating to or evidencing [decedent's] ownership interests or her children's ownership

interest in assets, and no items of tangible personal property belonging to [decedent], were removed from the residence of [decedent] during the months of December, 1992 and January, 1993 by [Elizabeth]."

Florence Strick died on February 11, 1993. She was survived by three children, a son and two daughters. No one contested the will and codicils before the contest period expired in August, 1994. Thereafter, Frank Strick filed a motion to determine beneficiaries and to restore independent administration. During the hearing on the motion, the probate court expressed the opinion that the affidavit was inaccurate.[2] However, he concluded Florence did not intend to require return of the jewelry. It found the portion of the codicil referring to "items of property" was ambiguous. The court found decedent's use of the word "items" did not include the 30 pieces of jewelry taken from decedent's residence. It ruled that when Elizabeth returned the documents and kept the jewelry, she complied fully with the codicil.

■ We need decide only the first and second of appellant's four points. We review appellant's allegations of error in accord with Rule 73.01 as interpreted in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The judgment of the probate court will be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Id.* at 32.

■ Appellant argues the court erred in finding the term "all items of property" in the January 23, 1993 codicil was ambiguous and in admitting extrinsic evidence to construe the term "items." In construing wills, all technical rules of construction give way, and the court is to give full effect to the true intent and meaning of the testatrix from the four corners of the will. *Boone County National Bank v. Edson*, 760 S.W.2d 108, 111 (Mo. banc 1988); *In the Matter of Morrissey, Bucher v. St. Louis Union Trust Co.*, 684 S.W.2d 876, 878 (Mo.App.1984); *Estate of*

---

**2.** The language of the affidavit slightly differed from the codicil. The codicil required the return of all items, whereas in the affidavit, Elizabeth swore that she returned all "tangible personal property" taken from decedent's residence within the two month time frame.

*Pettit v. Levine,* 657 S.W.2d 636, 643 (Mo. App.1983). Only when the language of a will is ambiguous or wanting in clarity, may the court consider extrinsic evidence to determine the decedent's intent. *Estate of Fleischmann v. Fleischmann,* 723 S.W.2d 605, 608 (Mo.App.1987). A latent ambiguity exists when the will is open to more than one interpretation when applied to the factual situation at issue. *Estate of Johnson,* 803 S.W.2d 619, 620 (Mo.App.1990).

 In her codicil, the testatrix describes two separate categories: documents and items of property. In Article FIFTH of the codicil, decedent required timely return of "all documents ... *and all items of property.*" (Emphasis added). The two terms are not grouped together, but are separated by the conjunctive "and." By categorizing "items" separately from "documents," the unambiguous intent was to establish two individual categories. However, the probate court concluded that because the word jewelry was never used in the codicils, that it is "obvious on the face of it that the term 'items of property' has to be construed because the term is so broad that it's ambiguous." The court then considered circumstances outside of the will and determined that decedent did not intend for jewelry to be included in "items" as used in the codicil. However, during the hearing, the court referred to the jewelry as "items" and stated that the affidavit was inaccurate "[b]ecause she did remove those items." The court declared "the only reasonable interpretation of 'items' is these 'documents,' these papers, these certificates, and so forth." It concluded that the codicil required Elizabeth to return only all documents removed from decedent's residence. Hence, the court found Elizabeth fully complied with the terms of the codicil.

 We conclude the findings and judgment are erroneous. First, the provisions of the codicils are not ambiguous. As noted by the court, the jewelry pieces are "items of property." They were removed during the defined period and not returned by the deadline. Terms such as items and property are not inherently ambiguous. Second, the affidavit confirming the return of all documents and items of tangible personal property was,

as found by the court and self-evident, inaccurate.

 Appellant also argues the court erred as a matter of law in denying his motion to determine beneficiaries because undisputed evidence and ultimately forced admissions of Elizabeth prove she failed to comply with the terms of the January 23, 1993, codicil. The codicil unambiguously required Elizabeth to return all documents and items of property taken from decedent's residence between December, 1992 and January, 1993. Under an order from the court to answer interrogatories given to her several months before, she admitted taking the jewelry on January 10, 1993. The codicil required the return of the jewelry by February 9, 1993. She failed to meet the requirements. She, therefore, violated the terms of the codicil. By violating both requirements in the codicil, Elizabeth relinquished her status as personal representative and beneficiary of her mother's estate. We overrule all motions taken with the case. We reverse and remand.

RHODES RUSSELL, P.J., and SIMON, J., concur.